MEMORANDUM *
This is an appeal from the judgment of the district court dismissing plaintiff Auto-tel’s action under the Telecommunications Act of 1996 challenging the interconnection agreement with Qwest as negotiated before the Arizona Corporation Commission (“ACC”). The parties agreed to refer the dispute to a magistrate judge. We have reviewed Magistrate Judge Guerin’s decision and agree with its conclusions and analysis in all respects.
Because the magistrate judge ruled that the claim of bad-faith negotiation was not exhausted before the ACC, in Autotel’s appeal to this court, Autotel attempts to show that it did exhaust. Autotel points to a brief mention of Qwest’s violation of the duty to negotiate in good faith in its response to Qwest’s motion to dismiss and again in its reply brief to the ACC. These passing references, however, did not give the ACC an opportunity to resolve any claim of bad faith, as required for exhaustion purposes. See W. Radio Servs. Co. v. Qwest Corp., 530 F.3d 1186, 1200-02 (9th Cir.2008) (discussing the policies behind prudential exhaustion).
As the dissent acknowledges, there is no statute, regulation, or case law that requires Qwest to allow interconnection at one access tandem for multiple Local Access Transport Areas. Therefore, the interconnection agreement cannot be contrary to the Act or its regulations. The district court put it well: “In sum, there is no evidence that the ACC’s order that Qwest allow interconnection at a Qwest access tandem in each Local Transport Area violates the Telecommunications Act *668 or the implementing [regulations] or that the order is arbitrary and capricious.”
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.